| | | |
|---|---|---|
| TIMOTHY M. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-967 CAS |
| | ) | |
| MICHAEL K. ROBINSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss under Rule 12(b)(6) of the Federal

Rules of Civil Procedure, filed by remaining defendants Daniel Osorio, Matthew Manley, Matthew

Tesreau, Paul Bieniasz, and the St. Louis Police Department.[1] Pro se plaintiff Timothy M. Anderson

opposes the motion, which is fully briefed and ready for decision. For the following reasons, the

motion to dismiss will be granted.

**Background**

The complaint asserts claims pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on March

13, 2012, he was illegally detained in the parking lot of a Walgreens pharmacy for forty-five minutes

by defendant police officers Manley, Osorio and Tesreau (Count I), and he and his vehicle were

illegally searched by defendants Manley, Osorio, Tesreau and the St. Louis Police Department

(Count II). Plaintiff also alleges that defendants Manley, Osorio and Tesreau committed "abuse of

process where they advised Plaintiff that he had no constitutional rights when they searched the

Plaintiff and his vehicle" and when they "attempt[ed] to create probable cause by mailing Plaintiff

---

[1]Plaintiff's claims against defendant Michael K. Robinson were dismissed without prejudice by order dated November 15, 2012, under Rule 4(m), Fed. R. Civ. P. (Doc. 33)

a traffic ticket days later after Plaintiff requested a Police report and confiscated monies returned, to support their actions as if they were legal." Complaint at 4. Defendants Manley, Osorio, Tesreau and Bieniasz (collectively referred to as the "officer defendants") are sued in their individual and official capacities.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556. Under this standard, the Court must liberally construe a pro se complaint, which is "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. 89, 94 (2007) (quoted case omitted).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly,

550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 129 S. Ct. at 1949-50 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Plausibility is assessed by considering only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint[.]" Whitney v. The Guys, Inc., No. 11-3050, 2012 WL 5392493, at *7, __ F.3d __ (8th Cir. Nov. 6, 2012) (quoted case omitted).

**Discussion**

I. Official Capacity Claims

The defendants move to dismiss plaintiff's claims against the officer defendants in their official capacities, on the basis that a suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity and, as a result, the plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Defendants state that plaintiff's complaint does not contain any allegations that the officer defendants deprived plaintiff of his constitutional rights pursuant to an official policy or custom, and therefore the claims against the officer defendants in their official capacities fail as a matter of law.

The defendants are correct. The Supreme Court has held that a suit against a public official in his official capacity is actually a suit against the public entity for which the official is an agent. Kentucky v. Graham, 473 U.S. 159, 165 (1985). In such a case, a plaintiff must prove that the "municipality *itself* caused the constitutional violation at issue." Kuha v. City of Minnetonka, 365 F.3d 590, 604 (8th Cir. 2003), overruled on other grounds by Szabla v. City of Brooklyn Park, Minn., 486 F.3d 385 (8th Cir. 2007). To establish the liability of an official acting in his official

capacity, a plaintiff must prove that "a policy or custom [of the city] caused the alleged violation." Rogers v. City of Little Rock, 152 F.3d 790, 800 (8th Cir. 1998). "A municipality cannot be held liable *solely* because it employs a tortfeasor," meaning the municipality cannot be held liable on a respondeat superior theory. Kuha, 365 F.3d at 603 (internal quotations and citation omitted).

In this case, the complaint does not contain any factual allegations that the officer defendants were acting pursuant to a municipal policy or custom. As a result, the defendants' motion to dismiss plaintiff's claims against the officer defendants in their official capacities should be granted.

II. Defendant Bieniasz

The defendants move to dismiss plaintiff's claims against defendant Bieniasz in his individual capacity on the basis that the complaint does not contain any factual allegations that Bieniasz was personally involved in any of the alleged constitutional violations.

The plaintiff in a Section 1983 action must show that a defendant deprived him of a constitutional right while acting under color of state law. Roudybush v. Zabel, 813 F.2d 173, 176 (8th Cir. 1987) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970)). "A defendant will not be held liable under 42 U.S.C. § 1983 unless he was personally involved in causing the deprivation of a constitutional right." Triplett v. Azordegan, 570 F.2d 819, 823 (8th Cir. 1978). A plaintiff must allege personal involvement by the defendant in the allegedly unconstitutional action, because Section 1983 will not support a claim based on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. New York City Dept. of Soc. Services, 436 U.S. 658, 694 (1978).

Here, plaintiff has not alleged how defendant Bieniasz is personally responsible for any of the actions or alleged constitutional violations at issue. In fact, defendant Bieniasz's name appears

only in the caption of the case and no relief is sought from him. As a result, defendants' motion to dismiss plaintiff's claims against defendant Bieniasz in his individual capacity should be granted.

III. St. Louis Police Department

The defendants move to dismiss plaintiff's claims against defendant St. Louis Police Department on the grounds that (1) it cannot be sued in that name, and can only be sued by naming as defendants the members of the Board of Police Commissioners of the City of St. Louis in their official capacities, and (2) the Board of Police Commissioners cannot be held vicariously liable for the unconstitutional actions of its officers, unless those actions occurred pursuant to an official policy or custom of the St. Louis Metropolitan Police Department, or as a result of its failure to train or supervise its employees, and plaintiff's complaint does not contain any factual allegations concerning official policy or custom, or failure to train or supervise.

The defendants are correct on both points. A plaintiff may only assert allegations against a legal or government entity that is capable of being sued. Catlett v. Jefferson County, 299 F.Supp.2d 967, 967 (E.D. Mo. 2004). "The Eighth Circuit Court of Appeals has previously determined that police departments are not suable entities[.]" Mosley v. Reeves, 99 F.Supp.2d 1048, 1053 (E.D. Mo. 2000) (citing Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992)). Under Missouri law, the St. Louis Board of Police Commissioners is the government entity "authorized and required to appoint, enroll, and employ a permanent police force" for the City of St. Louis. Mo. Rev. Stat. § 84.100 (2000).[2] It has long been established that any legal action brought against the St. Louis Police Department must be asserted by naming as defendants the

---

[2]Although local control of the St. Louis Metropolitan Police Department will be returned to the City of St. Louis at some future date following the passage of Proposition A in the November 6, 2012 general election, this change has not yet occurred.

members of the Board of Police Commissioners in their official capacities. Best v. Schoemehl, 652 S.W.2d 740, 742 (Mo. Ct. App. 1983). Because Missouri law does not permit an action to be asserted against the St. Louis Police Department as an entity, plaintiff cannot state a claim upon which relief can be granted against this defendant.

Even if plaintiff had properly named as defendants the members of the Board of Police Commissioners in their official capacities, his claim would be subject to dismissal because the complaint does not allege that the officer defendants' actions occurred pursuant to an official policy or custom of the St. Louis Metropolitan Police Department, or as a result of a failure to train or supervise its employees. Defendants' motion to dismiss the claims against the St. Louis Police Department should therefore be granted.

IV. Count III

The defendants move to dismiss plaintiff's claims in Count III as duplicative of the allegations in Counts I and II. The defendants also move to dismiss Count III for failure to state a claim upon which relief can be granted to the extent the claims therein are not duplicative. As stated above, plaintiff alleges in Count III that defendants Manley, Tesreau and Osorio committed an "abuse of process where they advised Plaintiff that he had no constitutional rights when they searched the Plaintiff and his vehicle without permission and/or probable cause or exigent circumstances and by attempting to create probable cause by mailing Plaintiff a traffic ticket days later after Plaintiff requested a Police report and confiscated monies returned, to support their actions as if they were legal[.]" Complaint at 4. The defendants contend that Count III only asserts more facts concerning the officers' allegedly illegal search and seizure of plaintiff and his vehicle, for which plaintiff has already brought § 1983 claims in Counts I and II.

The Court agrees. Plaintiff alleges in the complaint that the officer defendants had no probable cause to stop or detain him and that they searched his person and his vehicle without a warrant, and asserts claims of illegal search and seizure in Counts I and II. In Count III, plaintiff adds allegations that defendants Manley, Osorio and Tesreau mailed him a traffic citation for a moving violation several days after the search and seizure in an effort to create probable cause where none had existed, and seized money from him. These allegations are part of plaintiff's claims of illegal search and seizure asserted in Counts I and II and do not constitute separate constitutional violations.[3] As a result, this aspect of Count III is duplicative of Counts I and II and should be dismissed.

Plaintiff's allegation in Count III that Manley, Osorio and Tesreau violated his constitutional rights by telling him he had no constitutional rights is not duplicative of Counts I and II, but it fails to state a claim upon which relief can be granted. Verbal harassment generally does not rise to the level required to establish a constitutional violation unless it is so brutal or wantonly cruel as to shock the conscience. Kurtz v. Shrewsbury, 245 F.3d 753, 759 (8th Cir. 2001); King v. Olmsted, 117 F.3d 1065, 1067 (8th Cir. 1997). Plaintiff's complaint of verbal harassment alleges police conduct that is unprofessional and offensive, but not conscience shocking.

**Conclusion**

---

[3]Plaintiff argues in his Surresponse that Count III asserts separate claims of due process violations. Plaintiff cannot assert a substantive due process claim based on the allegations in Count III because where, as here, "'a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" Moran v. Clarke, 296 F.3d 638, 646 (8th Cir. 2002) (en banc) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998)). In addition, "Under federal law, a litigant asserting a deprivation of procedural due process must exhaust state remedies before such an allegation states a claim under § 1983." Wax 'n Works v. City of St. Paul, 213 F.3d 1016, 1019 (8th Cir. 2000).

For the foregoing reasons, defendants' motion to dismiss will be granted as set forth above. Remaining in this action are plaintiff's claims of illegal search and seizure, which include the mailing of the traffic citation and seizure of money, against defendants Manley, Osorio and Tesreau in their individual capacities only.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss is **GRANTED**. [Doc. 18]

An appropriate order of partial dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of December, 2012.