UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-967 CAS |
| ) | |
| MICHAEL K. ROBINSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to stay this case pursuant to <u>Wallace v. Kato</u>, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts. Pro se plaintiff Timothy Anderson has not filed a response and the time to do so has passed. For the following reasons, the motion will be granted.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against illegal search and seizure. After this case was filed, a related underlying criminal prosecution was filed against plaintiff in this Court. The criminal case remains pending without a trial date at present. See <u>United States v. Anderson, et al.</u>, No. 4:13-CR-164 RWS (E.D. Mo.).

### Discussion

In <u>Wallace v. Kato</u>, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." <u>Wallace</u>, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." <u>Id.</u> at 388. The Court instructed

that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." Id. at 393 (internal citation omitted).

In this case, plaintiff does not specifically assert a claim for false arrest, but asserts claims for an illegal seizure and detention of his person and search of his vehicle. In the complaint, plaintiff alleges that he was illegally detained for forty-five minutes while police were waiting for a canine, that police had no probable cause to search him or his vehicle, and that he was placed under arrest. Defendants' assertion that plaintiff's complaint asserts a claim for false arrest is not demonstrably incorrect, particularly when the complaint is liberally construed as it must be. See, e.g., Johnson v. Arden, 614 F.3d 785, 798 (8th Cir. 2010) (pro se pleadings must be liberally construed).

It is too early to determine whether defendants are correct that a conviction in the criminal case will bar plaintiff's claims pursuant to the principles of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), but this is a possibility. See id. at 487 n.6. After careful consideration, the Court finds that the principles articulated in Wallace v. Kato dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal charges pending against plaintiff are resolved. Defendants' motion to stay this case will therefore be granted and, on the Court's own motion, the case will be administratively closed pending resolution of the criminal charges.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to stay this matter pending disposition of the federal criminal case against plaintiff is **GRANTED**. [Doc. 41]

**IT IS FURTHER ORDERED** that the Order Referring Case to Alternative Dispute Resolution is **vacated**. [Doc. 40]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in United States v. Anderson, et al., No. 4:13-CR-164 RWS (E.D. Mo.).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in United States v. Anderson, et al., No. 4:13-CR-164 RWS (E.D. Mo.).

**IT IS FURTHER ORDERED** that this case is administratively closed pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

 

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of August, 2013.